# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

AUGUSTINE TELLEZ,

        Plaintiff,

v.                                                                         CIV 99-640 KBM/LCS

COUNTY OF DOÑA ANA, ET AL.,

        Defendants.

### ORDER PARTIALLY GRANTING MOTION FOR SUMMARY JUDGMENT

This matter is before the Court upon Defendants' Motion for Summary Judgment and Request for Stay *(Doc. 31)*. The Court, presiding by consent of the parties, has reviewed the pleadings, exhibits and relevant authorities. The Court finds the motion well taken in part, and will dismiss Plaintiff's § 1983 and tort claims based upon false arrest and false imprisonment and will also dismiss the § 1983 claims premised on municipal liability. Plaintiff's remaining claims will be tried to a jury.[1]

### I. Background

This action for damages arises out of Plaintiff's arrest for a traffic violation and resisting and obstructing a police officer. Plaintiff originally brought suit in state court against the two police officers who arrested him, Sheriffs Lindell Wright and John Ordonez, and their employer

---

[1] These are the allegations contained in Plaintiff's complaint. Although the Court previously ruled that an amended complaint could be filed, the Court is advised that an amended complaint will <u>not</u> be filed.

Doña Ana County. Plaintiff's theories of recovery under 42 U.S.C. § 1983 include false arrest as a violation of due process, excessive use of force as a violation of the Fourth Amendment, and a county policy permitting or condoning the same. Under the New Mexico Tort Claims Act, N.M. Stat. Ann. § 41-4-1 (1978), Plaintiff seeks to recover for false arrest, false imprisonment, battery, and negligence, as well as the alleged constitutional violations.

Defendants removed the case to this court. Under 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties consented to have me conduct all proceedings and enter final judgment. *(Docs. 7, 13)*. Defendants move for summary judgment arguing that the individual officers are entitled to qualified immunity and that the claims against the County should be dismissed because there is no basis for municipal liability. They also argue that Plaintiff's state law claims fail because the officers actions were reasonable under the circumstances. Finally, Defendants request a stay of discovery pending resolution of the qualified immunity issue.

## II. Qualified Immunity Analysis

Government officials are entitled to qualified immunity unless their conduct violates "clearly established federal law." Once a public official raises a qualified immunity defense, the plaintiff bears the heavy burden of establishing not only that Defendants' alleged conduct violates the law, but also that the law was clearly established when the alleged violation occurred. *E.g., Greene v. Barrett,* 174 F.3d 1136 (10th Cir. 1999).

The Court finds that the law governing excessive use of force claims and false arrest/false imprisonment/wrongful arrest was clearly established at the time the events in question took place. *E.g., Mick v. Brewer,* 76 F.3d 1127 (10th Cir. 1996); *see also Lee v. Sandberg,* 136 F.3d 94, 102 (2d Cir. 1997). Consequently, the inquiry here is whether there are genuine issues of

2

material fact warranting submission of each of Plaintiff's theories for resolution by a jury.

## A. There Is No Genuine Issue Concerning Whether The Citation and Arrest Were Lawful

The material facts surrounding the events that preceded the decision to arrest Plaintiff are not in dispute. Plaintiff was unable to park his truck at his home at noon because of construction equipment blocking the way. Instead, he parked on the westbound side of nearby Travis Road. Tellez was parked in the street because ditches lined both sides of Travis Road and it had no shoulder. A few hours later, a car driven by a woman who was distracted by the construction scene rear-ended his vehicle.

Officers Wright and Ordonez arrived at the scene and issued the woman driver a citation for careless driving. Plaintiff was cited for parking on a roadway in violation of N.M. Stat. Ann. § 66-7-351, and he refused to sign the traffic citation. Tellez did not think it was "right" for the officers to cite him when he was the one whose car was damaged. After denying several requests from the officers, Plaintiff was advised that he was "under arrest" if he refused to sign the citation. At that point, Tellez turned away from the officers. *See Plf. Depo., pp. 61, 81-84.* The parties are not in agreement as to the necessity for nor extent of force used in effectuating the arrest.

Under state or federal law, the propriety of the citation and arrest turns on the "reasonableness" of the officers' belief that they have "probable cause" or "authority" to cite and arrest Plaintiff. *E.g., Lee*, 136 F.3d at 102-103; *Diaz v. Lockheed Elec.,* 95 N.M. 28 (N.M. Ct. App. 1980); *Perea v. Stout,* 94 N.M. 595 (N.M. Ct. App. 1980), *cert. denied,* 449 U.S. 1035 (1980); *see also Gonzales v. Dickie,* CIV 97-162 JP/LFG, (D.N.M. Memo. Op. & Order of September 21, 1998). Although none of the fourteen enumerated instances of § 66-7-351

specifically states that it is "unlawful to park in the street," the statute is clearly intended to prohibit parking in a manner that obstructs the flow of traffic. Therefore, it was reasonable as a matter of law for the officer to consider citing Plaintiff for a violation of this statute.

Put another way, the Court finds as a matter of law that under these circumstances, the officers had "probable cause" to cite Plaintiff for a traffic violation, even if ultimately he would not have been liable for the requisite fine. At the very least, the Court finds that officers of reasonable competence could disagree whether there was probable cause to cite Plaintiff for a traffic violation. *See e.g., Edwards v. Cabrera,* 58 F.3d 290, 294 (7th Cir. 1995); *Gibson v. Rich,* 44 F.3d, 277 (5th Cir. 1995). This is precisely the situation where qualified immunity is designed to give "ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Greene,* 174 F.3d at 1142 (quoting *Hunter v. Bryant,* 502 U.S. 224, 229 (1991) (*per curiam*) (internal quotation marks and citations omitted)).

Furthermore, upon issuing a citation, officers are required to complete the citation, prepare a notice to appear in court, and have the person cited "sign the agreement to appear as specified." N. M. Stat. Ann. § 66-8-123(A). Where a person is cited for traffic violation they are to be immediately be taken before a magistrate if they "refuse" to give a "written promise to appear in court." *Id.,* § 66-8-122(F). When Plaintiff refused to sign the citation, the officers were entitled, if not obliged, to take him into custody and before a magistrate. "When an accused . . . freely chooses custody rather than the simple expedient of acknowledging receipt of the ticket and agreeing to appear, it does not add up to an invasion of constitutional rights." *Wells v. Ward,* 470 F.3d 1185, 1189 (10th Cir. 1972).

Plaintiff relies on the testimony of an expert, who describes other alternatives to taking

4

Tellez into custody that the officers could have chosen including leaving the unsigned ticket with Plaintiff. But I find that this is insufficient to create a *genuine* issue of fact. There is no dispute that the officers had the authority to arrest Plaintiff for failing to sign the ticket. Under these circumstances, the Court finds that the individual officers are entitled to summary judgment as well as qualified immunity on these false arrest and false imprisonment claims under § 1983 and state law.

### B. The Material Facts Concerning The Remaining Claims Against The Individual Officers Are Disputed

The manner in which and degree of force used by the officers in effectuating the arrest is hotly contested. Defendants assert that Tellez was uncooperative, belligerent and cursing such that the "controlled take down" used to take Plaintiff into custody was reasonable for the situation. Plaintiff, however, maintains that he was not resisting arrest when he was struck on the head as he turned away, maced while he was handcuffed on the ground, lifted by the arms even though he complained that they had broken his elbow, and had a car door slammed on his elbow.

Not only do the parties' versions differ regarding the degree of contentiousness and physical contact that occurred, but Plaintiff again relies on an expert who expressed different less intrusive ways that the arrest could be effectuated. The issue is the reasonableness of the force used under all of the circumstances. Given the degree to which the stories differ, summary judgment and qualified immunity are inappropriate. *E.g., Frohmader v. Wayne,* 958 F.3d 1024, 1027-28 (10th Cir. 1992).

## III.  There Is No Basis For Finding Municipal Liability

To establish liability on the part of the county under Section 1983, Plaintiff must prove that it maintained a policy pursuant to which the officers acted.  *E.g., Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658 (1978).  Municipal liability for violation of constitutional rights cannot be based on *respondeat superior* theory.  *E.g. , Mitchell v. Maynard,* 80 F.3d 1433, 1441 (10th Cir. 1996).  The Court is persuaded that Plaintiff cannot set forth facts creating a triable issue on this theory of recovery.

For instance, Plaintiff argues that because "both Deputies worked in tandem it appears that the County of Doña Ana had an informal policy which condoned" using excessive force in taking down plaintiff in a way that would cause serious injury.  He similarly states that while he "cannot establish a written policy which condoned or encouraged the use of excessive force, the actions of [the officers] acting in unison, seems to suggest an unwritten policy which condones or encourages the use of excessive force." *Response, P. 10.*

This assertion is nothing more than a *scintilla* of evidence invoked to establish an inference that the county maintains an illegal policy directing the officers to act the way they did.  There is no suggestion or evidence that the county acquiesces in such behavior.  To the contrary, the report of Plaintiff's expert provides that all New Mexico Police officers, including the individual defendants here, are trained in the use of appropriate force when effectuating arrests. *See Meade v. Grubbs,* 841 F.2d 15121, 1529-30 (10th Cir. 1988).  Plaintiff does not dispute that the County trains its officers in the use of reasonable force and that the officers in this case were fact were trained by this expert. *Id., p. 3 (¶9); p. 4, ¶¶ 11-12.*  Accordingly, Plaintiff's § 1983 claim against the County fails as a matter of law.

Wherefore,

IT IS HEREBY ORDERED THAT Defendants' Motion For Summary Judgment and Request For Stay *(Doc. # 31)* is GRANTED IN PART and DENIED IN PART as follows:

1. Plaintiff's claims based on false imprisonment and false arrest shall be dismissed under federal and state law as to all defendants;

2. Summary Judgment will be entered for Defendant Doña Ana County on Plaintiff's § 1983 claims;

3. The claims that remain for trial by jury are excessive use of force under federal law as against the individual defendants, and state law battery and negligence claims against all defendants;

4. In all other respects, the motion will be denied; and

5. Given changes in the Court's schedule, jury selection in this matter will now commence at 9:00 a.m. the first morning set for trial – Monday, May 22, 2000.

_____
UNITED STATES MAGISTRATE JUDGE